[Cite as *Bank of New York Mellon v. Veccia*, 2014-Ohio-2711.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


THE BANK OF NEW YORK MELLON, fka    :       **O P I N I O N**
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF    :
CWABS, INC., ASSET BACKED
CERTIFICATES, SERIES 2003-BC3,    :

      Plaintiff-Appellee,       :
                                   **CASE NO. 2013-T-0101**
      - vs -       :

BRIAN D. VECCIA, et al.,       :

      Defendant-Appellant.       :


Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 01935.

Judgment: Affirmed.


*Ashley E. Mueller* and *Jason A. Whitacre,* The Law Offices of John D. Clunk Co., L.P.A., 4500 Courthouse Boulevard, Suite 400, Stow, OH 44224, and *John B. Kopf,* Thompson Hine LLP, 41 South High Street, Suite 1700, Columbus, OH 43215 (For Plaintiff-Appellee).

*Philip D. Zuzolo* and *Patrick B. Duricy,* Zuzolo Law Office, LLC, 700 Youngstown-Warren Road, Niles, OH 44446 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Brian Veccia, appeals the summary judgment and foreclosure decree entered against him by the Trumbull County Court of Common Pleas. At issue is whether a genuine issue of material fact existed concerning whether appellee, The Bank of New York Mellon, fka as The Bank of New York, As Trustee For the

Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2003-BC3, had standing to file this action. For the reasons that follow, we affirm.

{¶2} On February 20, 2003, appellant executed a promissory note in favor of Aegis Lending Corporation in the amount of $135,000 in exchange for a loan in that amount for the purchase of real estate located at 6083 Everett Hull Road in Fowler, Ohio. On its face, the note shows it was later endorsed to Aegis Mortgage Corporation. The note also shows that, subsequently, Aegis Mortgage Corporation endorsed the note in blank.

{¶3} On the same date appellant executed said note, i.e., February 20, 2003, appellant also executed a mortgage against said real property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender, Aegis Lending Corporation, and its successors to secure payment of the note. The mortgage was recorded in the Trumbull County Recorder's Office on February 25, 2003.

{¶4} Some nine years later, on May 11, 2012, MERS assigned the mortgage to appellee via an instrument entitled "Assignment of Mortgage." Said assignment of mortgage was recorded on May 14, 2012. The assignment of mortgage expressly provided that it assigned the mortgage together with the subject note to appellee.

{¶5} Subsequently, appellant defaulted under said note and mortgage. On August 27, 2012, after failing to make six monthly payments in the amount of some $6,400, appellee filed this foreclosure action. The complaint sought money judgment on the note and foreclosure of the mortgage. In due course, appellant filed an answer denying the material allegations of the complaint and asserting certain affirmative defenses, including appellee's alleged lack of standing to file this action. Appellant subsequently filed a Chapter 7 Bankruptcy case in the United States Bankruptcy Court,

Northern District, Eastern Division, in Case No. 40186. As a result, appellee did not pursue its prayer for a deficiency judgment against appellant, and this matter proceeded solely on appellee's prayer for a decree in foreclosure against appellant's real property.

{¶6} After the parties engaged in discovery, appellee filed a motion for summary judgment. In support, appellee filed said note, mortgage, and assignment of mortgage, along with an affidavit of its authorized representative, Jamie Herbert. Appellant filed a brief in opposition, but did not file any affidavits or evidentiary materials in opposition to summary judgment. The trial court subsequently entered summary judgment in favor of appellee.

{¶7} Appellant appeals the trial court's judgment, asserting the following for his sole assignment of error:

{¶8} "The trial court erred in granting summary judgment to plaintiff where the plaintiff-appellee lacked standing to bring this action and, further, the allegations in the affidavit do not support the granting of summary judgment."

{¶9} In Ohio, courts of common pleas have jurisdiction over justiciable matters. Ohio Constitution, Article IV, Section 4(B). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing involves a determination of whether a party has alleged a personal stake in the outcome of the controversy to ensure the dispute will be presented in an adversarial context. *Mortgage Elec. Registration Sys., Inc. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶18.

{¶10} In a mortgage foreclosure action, the mortgage lender must establish an interest in the promissory note *or* the mortgage in order to have standing to invoke the

3

jurisdiction of the common pleas court. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶28. Further, because standing is required to invoke the trial court's jurisdiction, standing is determined as of the filing of the complaint. *Schwartzwald* at ¶24. This court followed *Schwartzwald* in *Fed. Home Loan Mortg. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930. Likewise, the Eighth District in *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, held that *Schwartzwald* stands for the proposition that a party may establish its interest in the suit, and therefore have standing when, at the time it files its complaint, it *either* (1) is the holder of the note *or* (2) holds the mortgage. *Id.* at ¶21.

{¶11} Whether standing exists is a matter of law that we review de novo. *Bank of Am., NA v. Barber*, 11th Dist. Lake No. 2013-L-014, 2013-Ohio-4103, ¶19.

{¶12} Appellant argues the trial court erred in granting summary judgment to appellee because, in his view, appellee failed to establish standing. In support, appellant asserts three arguments.

{¶13} First, appellant argues that appellee lacked standing because it failed to present evidence it held the note when it filed the complaint. We do not agree.

{¶14} Appellant concedes that when the complaint was filed, appellee was the "mortgagee of record," i.e., it held the mortgage on the property. Appellant argues that appellee lacked standing because it did not also hold the note. However, as indicated above, pursuant to *Schwartzwald*, *supra*, and *Rufo*, *supra*, a mortgage lender establishes standing when it shows it had an interest in *either* the note *or* the mortgage when the complaint was filed. The lender is not required to show it had an interest in both. Because appellee had an interest in the mortgage when it filed the complaint by

4

virtue of its status as the mortgagee, it was not required to show it also had an interest in the note.

{¶15} In any event, appellee presented undisputed evidence that it also had an interest in the note when it filed the complaint. As indicated above, the note attached to the complaint contains two endorsements, the first, from Aegis Lending Corporation, the original lender and promisee under the note, to Aegis Mortgage Corporation, and, the second, from Aegis Mortgage Corporation, which is an endorsement in blank.

{¶16} "When an instrument is endorsed in blank, [i.e., it does not identify the payee,] the instrument becomes payable to bearer and may be negotiated by transfer of possession alone * * *." R.C. 1303.25(B). In contrast, "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder." R.C. 1303.21(B). Because the promissory note at issue here was endorsed in blank, it was payable to bearer and could be negotiated by transfer of possession alone. *Bank of Am., N.A. v. Merlo*, 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, ¶13.

{¶17} Jamie Herbert stated in her affidavit in support of summary judgment that she is an officer of appellee's servicing agent, which maintains records of the instant loan. She said she has personal knowledge as to how these records are created and maintained. She said she has personally reviewed the records of appellant's loan account attached to her affidavit, i.e., the note, mortgage, assignment of mortgage, and payment history on this account. She said the note has been duly endorsed. She said that appellee currently has possession of the note and that it held the note when it filed the complaint. Further, she said the instruments attached to her affidavit are business records and are true and accurate copies.

5

{¶18} Appellant did not file in the trial court an objection or motion to strike Ms. Herbert's affidavit or any of the instruments attached to her affidavit. Nor did he submit any affidavits or other evidentiary material below disputing Ms. Herbert's affidavit or the authenticity of its attached exhibits. Moreover, appellant does not challenge on appeal the authority or competence of Ms. Herbert to testify regarding the authenticity or facts surrounding the subject instruments. Thus, the trial court had before it undisputed evidence that when the complaint was filed, appellee held the note.

{¶19} Moreover, the Assignment of Mortgage to appellee expressly included the assignment of the note. For this additional reason, undisputed evidence was presented that appellee held the note when it filed the complaint.

{¶20} However, even if the assignment of mortgage did not also expressly assign the note to appellee, the assignment of mortgage would have sufficed to also assign the note to appellee. In *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, the Fifth District held that the assignment of a mortgage, without an express transfer of a note, is sufficient to transfer both the mortgage and the note, if the record indicates that the parties intended to transfer both. *Id.* at ¶31. Such intent is established when the mortgage refers to the note and the note in turn refers to the mortgage, as these instruments do in the instant case. *Id.* at ¶36. This court cited *Dobbs* with approval and followed its holding in *Rufo, supra*, at ¶44. For this additional reason, as of the filing of the complaint, appellee held the note.

{¶21} For appellant's second argument challenging appellee's standing, appellant argues that in order for appellee to demonstrate it had standing, Ms. Herbert was required to expressly state in her affidavit that appellee was in possession of the "original note" on the date it filed the complaint. Again, we do not agree.

6

{¶22} Ms. Herbert stated in her affidavit that appellee "has possession of the promissory note and held the note at the time of filing the foreclosure complaint, a true and accurate copy of which is attached hereto as Exhibit A." Since Ms. Herbert did not qualify her testimony by saying the bank has possession of a copy of the note or that it held a copy of the note when it filed the complaint, she was referring to the actual note itself, i.e., the original, rather than a copy. "An 'original' of a writing * * * is the writing * * * itself," as opposed to a 'duplicate,' which "reproduce[s] the original." Evid.R. 1001(3) and (4).

{¶23} Appellant did not prove below the existence of a genuine issue concerning the authenticity of the note attached to Ms. Herbert's affidavit or show that in the circumstances presented here it would be unfair to admit a copy in lieu of the original.

{¶24} Moreover, Civ.R. 56(E) allows copies of documents to be authenticated by affidavit. Regarding documents referenced in an affidavit, "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *Id.* This requirement is satisfied by a statement in the affidavit declaring that the documents attached are true copies. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981). Ms. Herbert in her affidavit stated that she has personally reviewed the promissory note attached to her affidavit and that it is a "true and correct" copy. As a result, Ms. Herbert authenticated the copy of the note attached to her affidavit, and thus the trial court did not abuse its discretion in considering the copy of the note.

{¶25} This court has held that a bank seeking to foreclose a mortgage is not required to produce an affidavit stating the bank was in possession of the original note when it presents an affidavit stating the bank was in possession of the note. *Merlo*,

*supra*, at ¶18. This court held that, by stating the bank was in possession of the note, the affiant, in effect, stated the bank was in possession of the actual note, i.e., the original, and was not required to expressly state the bank was in possession of the original. *Id.* Appellant does not attempt to distinguish or even address *Merlo* in his brief.

{¶26} For appellant's third and final argument challenging appellee's standing, appellant argues that the chain of title of the note is incomplete. Appellant argues that, although MERS assigned the note to appellee as part of the Assignment of Mortgage, appellee was required to present evidence that Aegis Mortgage Corporation had previously assigned the note to MERS as part of the note's chain of title. Once again, we do not agree.

{¶27} This court has stated that every assignment in the chain of title of a promissory note must be proved. *Premier Capital, LLC v. Baker*, 11th Dist. Portage No. 2011-P-0041, 2012-Ohio-2834, ¶39.

{¶28} As noted above, Aegis Mortgage Corporation endorsed the note in blank. Ms. Herbert stated that, subsequently, as of the date of the complaint, appellee held the note. Such evidence sufficed to show the note was properly transferred from Aegis Mortgage Corporation to appellee.

{¶29} Further, in the Assignment of Mortgage, MERS, the nominee for Aegis Lending Corporation's successor, Aegis Mortgage Corporation, expressly assigned the note to appellee. A "nominee" is defined as "[o]ne designated to act for another as his representative" or agent. *Black's Law Dictionary* 1200 (Rev.4th Ed.1968). Since MERS was Aegis Mortgage Corporation's agent when MERS assigned the note to appellee, in effect, Aegis Mortgage Corporation assigned the note to appellee. Thus, appellee was

not required to show a separate assignment of the note from Aegis Mortgage Corporation to MERS for MERS to assign the note to appellee.

**{¶30}** As a result, contrary to appellant's argument, the record contains undisputed evidence that there was no break in the note's chain of title.

**{¶31}** Appellee thus demonstrated there is no genuine issue of material fact that, at the time it filed this action, it had an interest in both the mortgage and note and consequently had standing to file this action.

**{¶32}** We therefore hold the trial court did not err in entering summary judgment.

**{¶33}** For the reasons stated in this opinion, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.