[Cite as *Wilmington Trust, Natl. Assn. v. Boydston*, 2017-Ohio-5816.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105009**

---

# WILMINGTON TRUST, NATIONAL ASSOCIATION

PLAINTIFF-APPELLEE

vs.

# GARY L. BOYDSTON, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-854837

**BEFORE:** Keough, A.J., Stewart, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

**ATTORNEY FOR APPELLANTS**

A. Clifford Thornton
PDC Building, Suite 305
3659 Green Road
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Justin M. Rich
Matthew P. Curry
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216

Melany A. Fontanazza
James W. Sandy
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122

KATHLEEN ANN KEOUGH, A.J.:

{¶1}   Defendant-appellant, Gary L. Boydston ("Boydston"), appeals from the trial court's judgment that adopted the magistrate's decision granting summary judgment to plaintiff-appellee, Wilmington Trust, National Association, as Successor Trustee to Citibank N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5 ("Wilmington Trust") on its claim for foreclosure against Boydston.   Finding no merit to the appeal, we affirm.

## I.   Facts and Procedural History

{¶2}   On June 9, 2006, Boydston executed a note in the amount of $110,500 payable to AEGIS Lending Corporation.   The note was thereafter endorsed three times: first a specific endorsement from AEGIS Lending Corporation to AEGIS Mortgage Corporation; then a specific endorsement from AEGIS Mortgage Corporation to Citibank N.A., as Trustee for the MLMI Trust Series 2006-HE5 ("Citibank"); and subsequently, in an allonge affixed to the note, an endorsement in blank from Wilmington Trust as successor trustee to Citibank.

{¶3}   To secure payment of the note, Boydston executed a mortgage on real property located in Parma, Ohio in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for AEGIS Lending Corporation and its successors and assigns.   The mortgage was recorded on October 6, 2006.   On October 3, 2011, MERS assigned the mortgage to Citibank; it later executed a corrective assignment to Citibank to correct the name of the assignor.   Subsequently, on October 31, 2012, Citibank and

Wilmington Trust entered into a resignation, successor appointment, and acceptance agreement whereby Citibank transferred its rights under Boydston's mortgage to Wilmington Trust.

{¶4} Boydston failed to make payments on the note and on November 24, 2015, Wilmington Trust filed a complaint seeking to recover the unpaid balance on the note and to foreclose on the mortgaged property. Attached to the complaint were copies of the note, the mortgage, the assignment and corrective assignment of the mortgage by MERS to Citibank, the resignation, successor appointment, and acceptance agreement between Citibank and Wilmington Trust, and a loan modification agreement between Boydston and Bank of America (the original loan servicer).

{¶5} Boydston answered the complaint. Subsequently, Wilmington Trust moved for summary judgment on its complaint. Attached to its motion was the affidavit of Christy Vieau, a document execution specialist at Nationstar Mortgage L.L.C. ("Nationstar"). Vieau averred that (1) Nationstar was the successor loan servicer after Bank of America for the loan secured by the mortgage on Boydston's property on Walter Avenue; (2) loan servicing records from Bank of America regarding Boydston's loan had been incorporated into Nationstar's records; (3) she had personal knowledge of the facts set forth in her affidavit based upon a review of Nationstar's business records and her knowledge of Nationstar's procedures for creating those records; (4) Wilmington Trust had possession of the note when the foreclosure complaint was filed; (5) Boydston had defaulted on the note; (6) on April 14, 2014, Nationstar mailed him a notice of default

and right to cure; (7) Boydston failed to cure; and (8) through February 11, 2016, owed $93,610.96 on the principal balance, plus interest. Attached to Vieau's affidavit were verified and authenticated copies of the note, the mortgage, assignments of the mortgage, the loan modification agreement, a demand letter and notice of acceleration sent to Boydston, and Boydston's payment history.

{¶6} Boydston did not oppose Wilmington Trust's motion. The magistrate subsequently rendered a decision granting Wilmington Trust's motion and ordering judgment and a decree of foreclosure against Boydston. Boydston filed objections to the magistrate's decision, but the trial court overruled the objections and issued an order adopting the magistrate's decision. This appeal followed.

## II. Law and Analysis

### A. Standard of Review

{¶7} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*

{¶8} Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only a conclusion that is adverse to the nonmoving party.

**{¶9}** On a motion for summary judgment, the moving party has the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

**B.     Affidavit in Support of Motion for Summary Judgment**

**{¶10}** To support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary quality materials establishing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17, citing *United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

**{¶11}** Wilmington Trust presented evidence through Vieau's affidavit and the attached authenticated and verified documents that it is the holder of and the party entitled to enforce the note and mortgage; Boydston is in default for failure to pay; Wilmington

Trust, through Nationstar, sent the required notice to Boydston before foreclosing; and the amount due is $93,610.96 plus interest.

{¶12} Boydston contends in his first assignment of error that Vieau's affidavit was deficient, however, and that the trial court therefore erred in adopting the magistrate's decision granting summary judgment to Wilmington Trust. He first argues that Vieau's affidavit was deficient because it did not set forth in detail the factual basis for her assertion that she has personal knowledge of the facts to which she testified in the affidavit. There is no requirement that an affiant do so.

{¶13} Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment. It provides in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶14} Vieau's affidavit set forth the information necessary to comply with Civ.R. 53. "'Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.'" *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657 at ¶ 20, quoting *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph two of the syllabus.

There is no requirement that an affiant explain the basis for his or her personal knowledge where personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *Nationstar Mortgage, L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 26.

{¶15} Vieau averred that she "ha[d] personal knowledge of the facts in this affidavit based upon a review of Nationstar's business records." She further averred that as a document execution specialist at Nationstar, she was familiar with the type of records maintained by Nationstar in connection with Boydston's loan, and that the information in her affidavit was taken from Nationstar's business records. Although Vieau did not describe her specific duties in her affidavit, she provided a broad overview of the processes by which Nationstar's loan account records are created and maintained, including how Nationstar has incorporated the business records of its predecessors into its own. Vieau's specific assertion that she was testifying based on her personal knowledge, coupled with her position at Nationstar and her assertions regarding her job duties there, create a reasonable inference that she has personal knowledge of the facts contained in her affidavit.

{¶16} Boydston contends, however, that the information in Vieau's affidavit was gleaned from her review of "hearsay business records" that could not serve as the basis for personal knowledge. The Sixth District addressed the same argument recently in *Wells Fargo Bank Natl. Assn. v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, a foreclosure case in which the appellants argued that the trial court

should have stricken an affidavit submitted with the bank's motion for summary judgment because it was based upon the affiant's review of documents that could not serve as the basis for personal knowledge. The Twelfth District disagreed, finding that the documents the affiant had reviewed and attached to his affidavit (the note, mortgage, mortgage assignments, the payment history for the loan, and the bank's letter advising the defendant of the loan default) were either not hearsay or were excepted from the hearsay rule of inadmissibility. The court stated:

> The Note, the Mortgage, the Mortgage Assignments, and the August 22, 2014 letter to appellants are not hearsay. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The foregoing documents were not offered to prove the truth of the matters asserted therein. Rather, the Note, the Mortgage, and the Mortgage Assignments were offered to prove that persons engaged in transactions creating legal rights and responsibilities. The August 22, 2014 letter to appellants was offered to prove that notice was given to appellants, not whether the information contained in the letter was true. The Staff Note to Evid.R. 801(C) recognizes this distinction by providing that "[w]ords constituting conduct are not hearsay, *e.g.*, words of a contract * * * and the like." Here, the Note is a contract and the Mortgage and Mortgage Assignments are "like" a contract in that they all create legal rights and responsibilities. Additionally, the Mortgage, the Mortgage Assignments, and the statements contained therein are excepted from the hearsay rule under Evid.R. 803(14) and (15) as records of documents affecting an interest in property and statements in documents affecting an interest in property.

*Id*. at ¶ 40.

{¶17} The court found that the only hearsay document referred to by the affiant was the borrower's payment history, which the affiant had qualified as properly excepted from the hearsay rule as a business record pursuant to Evid.R. 803(6). Accordingly, the

Sixth District found that the affiant's reliance upon the documents in framing his affidavit testimony was proper. *Id.* at ¶ 41.

**{¶18}** Here, in framing her affidavit testimony, Vieau utilized the note, mortgage, mortgage assignments, loan modification agreement, the letter advising Boydston of his default, and Boydston's payment history. Consistent with *Maxfield*, we find that Vieau's reliance on these documents to form the basis for her personal knowledge of the facts set forth in the affidavit was proper; the documents she relied upon were either not hearsay or excepted from the hearsay rule.

**{¶19}** Even if the documents were considered to be hearsay, Vieau's affidavit provided a sufficient foundation to qualify the documents as business records exempted from the hearsay rule under Evid.R. 803(6). To qualify for the business-records exception, the record must be one recorded regularly in a regularly conducted activity; a person with knowledge of the act or event recorded must have made the record; it must have been recorded at or near the time of the act or event recorded, and the party who seeks to introduce the record must lay a foundation through testimony of the record custodian or another qualified witness. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171.

**{¶20}** Vieau testified that as part of her job duties, she was familiar with the records relating to Boydston's loan, the records were made at or near the time of the event described in the record by a person with knowledge, the records were made and kept in the ordinary course of Nationstar's regularly conducted business activity, and she had

personally reviewed them. She also authenticated the documents. This satisfies Evid.R. 803(6). A witness providing the foundation for a recorded business activity need not have firsthand knowledge of the transaction. *U.S. Bank N.A. v. Wilkens*, 8th Dist. Cuyahoga No. 96617, 2012-Ohio-1038, ¶ 46.

{¶21} Boydston next contends that Vieau's affidavit was insufficient to warrant summary judgment in favor of Wilmington Trust because it failed to establish that Wilmington Trust had standing to bring the foreclosure action or that it was the real party in interest.

{¶22} A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 20. A party has standing if it has a personal stake in the outcome of the controversy and has suffered some concrete injury that is capable of resolution by the court. *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, ¶ 12.

{¶23} Standing to commence a foreclosure action requires that the plaintiff hold the note and have an interest in the mortgage when the foreclosure complaint is filed. *Fannie Mae v. Hicks*, 8th Dist. Cuyahoga No. 103804, 2016-Ohio-8484, ¶ 4, fn. 2, citing *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 27; *Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657 at ¶ 56; *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092, ¶ 23. The current holder of the note and mortgage is the real party in interest in a foreclosure action.

*Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. Erie No. E-10-006, 2011-Ohio-1976, ¶ 13.

**{¶24}** In this case, the evidence established that Wilmington Trust was the holder of the note and the assignee of the mortgage when it filed the foreclosure action. The "holder" of a note is a "person entitled to enforce [it]." R.C. 1303.31(A)(1). Here, the note was endorsed in blank. When an instrument is endorsed in blank, it becomes payable to the bearer and may be negotiated by transfer of possession alone. R.C. 1303.25(B). In other words, the person in possession of an instrument endorsed in blank is the "holder" of the instrument, and as such, is a "person entitled to enforce" the instrument. R.C. 1301.201(B)(21).

**{¶25}** Wilmington Trust's possession of the note was demonstrated by the attachment of a copy of the note to the complaint and affidavit, coupled with Vieau's statements in her affidavit that Wilmington Trust had possession of the note when it filed the foreclosure complaint. As the holder of the note endorsed in blank, Wilmington Trust had the right to enforce the note. Despite Boydston's assertion otherwise, Vieau was not required to aver that the allonge was physically attached to the note in order to establish Wilmington Trust's holder status. Furthermore, Boydston offered no evidence to support his claims that the assignments on the note were "bogus" and that the blank endorsement was "unenforceable."

**{¶26}** Wilmington Trust also established that it was the assignee of the mortgage at the time it filed the foreclosure complaint. The evidence demonstrated that on October

3, 2011, the mortgage was assigned to Citibank. Subsequently, on October 31, 2012, well before the filing of the foreclosure complaint, Citibank transferred it rights under Boydston's mortgage to Wilmington Trust via the resignation, successor appointment, and acceptance agreement. This agreement, which was attached both to the complaint and Vieau's affidavit and authenticated by Vieau's affidavit, gave Wilmington Trust the right to act on behalf of the trust regarding Boydston's mortgage, thereby giving it standing to foreclose.

{¶27} Furthermore, Ohio law is well settled that the mortgage "follows the note" it secures. *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.). Thus, "[t]he physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657 at ¶ 65. Accordingly, in this case, the transfer of the note to Wilmington Trust prior to its filing of the foreclosure complaint operated as an equitable assignment of the mortgage, which Wilmington Trust was entitled to enforce.


C. **Evidence that Boydston's Account was in Default**

{¶28} In his second assignment of error, Boydston contends that the trial court erred in adopting the magistrate's decision ordering foreclosure because Wilmington Trust failed to present a credible payment history to establish payments made and

payments due. He contends that the statements in Vieau's affidavit regarding the amount due on the loan were insufficient for Civ.R. 56 purposes and, therefore, there are genuine issues of material fact that precluded summary judgment. Boydston's argument is without merit.

**{¶29}** This court has made clear that there is no requirement that a plaintiff in a foreclosure action provide a complete payment history in order to establish its entitlement to summary judgment. *Najar* at ¶ 40. In fact, in determining the propriety of summary judgment in foreclosure actions, courts have consistently held that

> an averment of outstanding indebtedness made in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed.

*Natl. City Bank v. TAB Holdings, Ltd.*, 6th Dist. Erie No. E-10-060, 2011-Ohio-3715, ¶ 12. *See also Cent. Mtge. Co. v. Elia*, 9th Dist. Summit No. 25505, 2011-Ohio-3188, ¶ 7 ("An affidavit stating [a] loan is in default is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments.")

**{¶30}** In her affidavit, Vieau testified to the amount due on the note, based on her review of the relevant business records relating to Boydston's loan. She attached to her affidavit a copy of Boydston's payment history, which showed the unpaid principal balance on the loan, fees, and escrow advances charged to the loan, and the loan due date. Vieau's affidavit and supporting documents were sufficient to meet Wilmington Trust's Civ.R. 56 burden of establishing the amount due on the note. Moreover, Boydston

produced no evidence to controvert Wilmington Trust's evidence regarding the amount due.

## D. Boydston's Reciprocal Burden

**{¶31}** As noted earlier, if the party moving for summary judgment satisfied its initial burden of setting forth evidence demonstrating its entitlement to summary judgment, the nonmoving party has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. *Dresher*, 75 Ohio St.3d 280 at 292-293, 662 N.E.2d 264. "Mere speculation and unsupported conclusory assertions are not sufficient" to meet the nonmovant's reciprocal burden under Civ.R. 56(E) to withstand summary judgment. *Loveday v. Essential Heating Cooling & Refrigeration, Inc.,* 4th Dist. Gallia No. 08CA4, 2008-Ohio-4756, ¶ 9.

**{¶32}** Wilmington Trust met its initial burden under Civ.R. 56(C) of establishing its entitlement to foreclosure. Boydston did not submit any specific Civ.R. 56(E) evidence setting forth specific facts demonstrating a genuine issue of material fact; in fact, he did not oppose Wilmington Trust's motion at all. And although he filed objections to the magistrate's decision, he failed to identify any evidence to support his claims and defenses. Accordingly, the trial court did not err in granting summary judgment to Wilmington Trust.

**{¶33}** The first and second assignments of error are overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
SEAN C. GALLAGHER, J., CONCUR