[Cite as *GMAC Bank v. Bradac*, 2017-Ohio-7888.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105242**

# GMAC BANK

PLAINTIFF-APPELLEE

vs.

# EMILY C. BRADAC, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-696138

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 28, 2017

**ATTORNEYS FOR APPELLANT**

Thomas J. Connick
Edward A. Proctor
Connick Law L.L.C.
25550 Chagrin Blvd., Suite 101
Cleveland, OH 44122


**FOR APPELLEES**

**Attorneys for Residential Funding Corporation GMAC Bank Co. GMAC Mortgage, L.L.C.**

James S. Wertheim
Frederick & Berler L.L.C.
767 E. 185th Street
Cleveland, OH 44119

Bryan Kostura
Stefanie Deka
James W. Sandy
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Blvd., Suite 406
Cleveland, OH 44122

Paul R. Teichert
Roetzel & Andress L.P.A.
1375 East Ninth Street
One Cleveland Center, 9th Floor
Cleveland, OH 44114

**Attorneys for David Kohl**

Kimberly A. Brennan
Rawlin Gravens and Pilawa
1422 Euclid Avenue, Suite 500
Cleveland, OH 44115

Kenneth R. Resar
Riley, Resar & Associates, P.L.L.
520 Broadway Avenue, Suite 200
Lorain, OH 44052

**Attorney for Ott & Associates**

Steven M. Ott
Ott & Associates Co. L.P.A.
1300 E. Ninth Street, Suite 1520
Cleveland, OH 44114

**For Robert Sanders**

Robert Sanders, pro se
15032 Boston Road
Strongsville, OH 44136

TIM McCORMACK, P.J.:

{¶1} Emily Bradac appeals from a judgment of Cuyahoga County Court of Common Pleas Court that granted summary judgment in favor of appellee Residential Funding Corporation in a foreclosure action. We affirm the judgment of the trial court.

**Background**

{¶2} This foreclosure matter has a protracted history. In October 2003, Bradac executed a construction loan note in the amount of $328,500 payable to GMAC Mortgage, L.L.C. ("GMAC Mortgage") to construct a home in Bay Village. The note was due on October 25, 2004.

{¶3} The note and mortgage incorporated a construction rider. The construction rider provided that the loan was to be disbursed in installments to finance the construction of the home, which Bradac promised to be completed by October 25, 2004. A failure of completion by the due date would be considered a default. Also, under the construction loan agreement, Bradac was never to discontinue construction for more than 15 consecutive days or an aggregate 30 days. She was, in addition, required to provide the lender notice of any lien filed against the property. The filing of any lien that continued for more than 10 days without resolution would also cause Bradac to be in default. Furthermore, the existence of a lien would allow the lender to stop disbursements of funds.

{¶4} The construction did not proceed well. Bradac alleged the builder, Kohl Construction ("Kohl"), constructed the home in a negligent manner. The home was not completed by the October 2004 due date. Unhappy with Kohl's work, Bradac terminated Kohl on November 11, 2005. Days later, Kohl filed a mechanics' lien upon the home.

{¶5} The lender, GMAC Mortgage, granted several extensions that ultimately extended the maturity date on the loan to April 25, 2007. The construction was still not completed by that time, and the lender declared her to be in default from April 25, 2007. She owed a balance of $257,110.05 on the loan.

{¶6} On January 2, 2007, the original lender, GMAC Mortgage, assigned Bradac's mortgage to a related entity, GMAC Bank. On June 18, 2009, GMAC Mortgage assigned the subject note to GMAC Bank. On that same day, GMAC Bank filed the instant foreclosure action against Bradac.

{¶7} Meanwhile, Bradac filed a lawsuit against Kohl in *Bradac v. Kohl*, Cuyahoga C.P. No. CV-06-581053, and both cases were eventually assigned to the same trial judge. (The trial court proceeded on the foreclosure case first, and the construction litigation remains pending.)

{¶8} In the foreclosure case, Bradac filed a counterclaim against GMAC Bank as well as a third-party complaint against the original lender GMAC Mortgage.

{¶9} After the foreclosure case was filed, the subject note went through a series of negotiations. On December 21, 2009, Ally Bank (f.k.a. GMAC Bank) endorsed the

note to GMAC Mortgage, which, on the same day, endorsed the note to Residential Funding Company, L.L.C. Residential Funding Company, L.L.C. then endorsed the note in blank on the same day. Residential Funding Corporation submitted an affidavit from Katherine Ortwerth, an employee of Ocwen Loan Servicing L.L.C., the loan servicer of the note, to show that appellee Residential Funding Corporation has possession of the note since it was endorsed in blank in December 2009.

{¶10} In June 2012, GMAC Mortgage filed a notice of bankruptcy. The case was stayed pending the bankruptcy filing. The bankruptcy impacted Bradac.

{¶11} On December 12, 2012, GMAC Bank filed a motion to substitute appellee Residential Funding Corporation as the plaintiff and made itself a third-party defendant. GMAC Bank represented to the trial court that Residential Funding Corporation became the holder of the note through possession of the note on December 21, 2009. On January 7, 2013, the trial court granted the motion and realigned the parties.

{¶12} In November 2014, Bradac filed the bankruptcy court's confirmation order, and the matter was returned to the court's active docket.

{¶13} On March 23, 2015, GMAC Bank assigned the mortgage to appellee Residential Funding Corporation.

{¶14} The trial court subsequently granted GMAC Mortgage's (the original lender and third-party defendant) motion for summary judgment regarding Bradac's breach-of-contract claim against GMAC Mortgage. It also granted Residential Funding Corporation's motion for summary judgment on its foreclosure complaint.

**{¶15}** On appeal, Bradac raises three assignments of error. They state:

1. The trial court erred in striking portions of appellant's affidavit in support of her opposition to appellee's motion for summary judgment.

2. The trial court erred in granting appellee's motion for summary judgment.

3. The trial court erred in granting summary judgment in favor of appellee on appellant's breach of contract claim.

We address the assignments of error in the order presented.

**First Assignment of Error: Admissibility of Bradac's Exhibits**

**{¶16}** In her opposition to Residential Funding Corporation's motion for summary judgment, Bradac submitted her own affidavit attaching numerous exhibits. The facts averred in her affidavit were mostly based on her internet research, which facts she has no personal knowledge of; and the exhibits were mostly unauthenticated documents she printed from various websites. The trial court struck most of the exhibits.

**{¶17}** Under the first assignment of error, Bradac claims the trial court erred in striking exhibit Nos. 4-15 and 18-20 attached to her affidavit. Most of her exhibits were printed off the internet and were not verified or authenticated.

**{¶18}** Civ.R. 56(C) enumerates an inclusive list of the materials that may be considered in determining a motion for summary judgment. It states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶19} When a document does not fall within one of the enumerated categories in Civ.R. 56(C), a party may introduce it by incorporating it by reference in a properly framed affidavit. *Wolk v. Paino*, 8th Dist. Cuyahoga No. 94850, 2011-Ohio-1065. The court may consider documents not expressly mentioned in Civ.R. 56(C) if those documents are accompanied by a personal certification that they are genuine and are incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E).

{¶20} "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required." *Merchants Natl. Bank v. Leslie*, 2d Dist. Clark No. 3072, 1994 Ohio App. LEXIS 159 (Jan. 21, 1994). In Bradac's affidavit, she never stated that the exhibits were true and accurate copies of the originals, and she clearly lacked personal knowledge regarding most of these computer printouts.

{¶21} Also, under the rules of evidence, authentication of documentary evidence is a condition precedent to admissibility of that matter in evidence. *Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994, ¶ 27 (2d Dist.), citing Evid.R. 901(A). Evid.R. 901(A) requires authentication by "evidence sufficient to support a finding that the matter in question is what its proponent claims." The testimony of a witness with knowledge is sufficient authentication. Evid.R. 901(B)(1). Printouts from the internet constitute inadmissible hearsay. *State v. Kinder*, 6th Dist. Wood No. WD-09-086, 2010-Ohio-5173.

{¶22} Among the exhibits attached to Bradac's affidavit, exhibit Nos. 4 and 6 relate to assignment of the subject mortgage and are apparently printed off the Cuyahoga County Fiscal Officer's website. However, they were not authenticated with testimony by a witness with knowledge or by certified copy as required by Evid.R. 901. Exhibit No. 5 was the endorsement page of the subject note. Bradac lacked personal knowledge to properly authenticate this document as well.

{¶23} Exhibit No. 7 consists of rearranged close-up images of the four endorsements on the note. Appellee Residential Funding Corporation had authenticated the endorsements by an affidavit submitted in conjunction with its motion for summary judgment. The source of the rearranged images is unknown. Exhibit Nos. 11 and 20 are letters from the lender to Bradac regarding her mortgage. Although they appear to be business records under Evid.R. 803(6), in order to be admissible under Evid.R. 803(6), a foundation must be laid by the custodian of the record or other qualified witness. *State v. Davis*, 116 Ohio St.3d 404, 880 N.E.2d 31, 2008-Ohio-2, ¶ 171. Such a foundation was not laid with these exhibits.

{¶24} Exhibit Nos. 8, 9, and 12 consist of documents related to court proceedings: exhibit No. 8 is a court order involving Deutsche Bank from a Florida bankruptcy court; exhibit No. 9 is an affidavit of a loan servicer filed in a New Hampshire court proceeding; and exhibit No. 12 is a "Notice of Meeting of Creditors and Deadlines for Bankruptcy of Residential Capital L.L.C." from a federal court. Regardless of whether exhibit No. 8 qualified as an exception to the hearsay under Evid.R. 803(8) ("Public Records and

Reports"), it was not certified as a true and accurate copy of the original document as required by Evid.R. 902(4) ("Certified Copies of Public Records") for self-authentication. Exhibit No. 9, an affidavit filed in a court proceeding, and exhibit No. 12, a notice of creditors meetings lacking the signature of the issuing authority, did not qualify under Evid.R. 803(8) ("Public Records and Reports"), and were also not properly authenticated as required by Evid.R. 901.

{¶25} Exhibit No. 10 was an illegible document, purportedly a screenshot from the document tracking system of Ally Bank (f.k.a. GMAC Bank). Bradac clearly lacked personal knowledge to authenticate this document.

{¶26} Finally, exhibit No. 13 consisted of photocopies of some checks payable to Bradac and Kohl but not endorsed. Exhibit Nos. 14 and 15 appear to be GMAC Mortgage documents relating to the construction of Bradac's home. Exhibit No. 18 was a copy of a letter from GMAC to "LandAmerica Financial Group" regarding a loan modification. Bradac alleged these were admissible under the business records exception to the hearsay rule. To qualify for the business-records exception to the hearsay rule under Evid.R. 803(6), however,

> the record must be one recorded regularly in a regularly conducted activity; a person with knowledge of the act or event recorded must have made the record; it must have been recorded at or near the time of the act or event recorded, and the party who seeks to introduce the record must lay a foundation through testimony of the record custodian or another qualified witness.

*Wilmington Trust N.A. v. Boydston*, 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, ¶ 19, citing *Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, at ¶ 171. Bradac is

not a custodian (or qualified witness) of any of these business records, and there is no foundation through testimony of an appropriate record custodian to show these exhibits are what they are purported to be. The trial court did not abuse its discretion in striking Bradac's exhibit Nos. 4-15 and 18-20.[1]

{¶27} Under this assignment of error, Bradac contends, for the first time on appeal, that the trial court should have taken judicial notice of several documents. A party cannot raise an argument for the first time on appeal. As such, this claim is waived on appeal. *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993).

{¶28} Under this assignment of error, Bradac contends in addition that the trial court should not have stricken the transcript of the deposition Susan Young, a GMAC representative. The import of Young's testimony was purportedly that GMAC Mortgage knew Bradac could not have obtained continuing funding to complete the construction of the home and that Bradac was paying the interest on her loan through 2011. The trial court, however, did not abuse its discretion in striking the deposition. This is because before a deposition transcript can be considered as evidence for summary judgment purposes, (1) the transcript must be filed with the court or otherwise authenticated, (2) the deponent must sign the deposition or waive signature, and (3) there must be court reporter certification. *Bank of New York Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, citing Civ.R. 30(E) and (F). The transcript of Young's

---

[1] Exhibit No. 19 is discussed below under the second assignment of error.

deposition testimony was not signed by the deponent and neither was it notarized or otherwise certified by the court reporter.

{¶29} Without authenticating the transcript, Bradac relied on the deposition testimony in her brief opposing appellee's motion for summary judgment. Bradac subsequently filed a "notice of filing signature pages" only after appellee Residential Funding Corporation moved to strike the deposition testimony. Civ.R. 56(C) limits the court's consideration to evidence "timely filed." The trial court did not abuse its discretion in striking the deposition testimony.

**Second Assignment of Error: Standing, Default, and Notice**

{¶30} Under the second assignment of error, Bradac argues the trial court erred in granting summary judgment in favor of Residential Funding Corporation. Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, which is adverse to the nonmoving party. Civ.R. 56; *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). The moving party carries the initial burden of identifying specific facts in the record to show that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial. *Id*.

**{¶31}** We review the trial court's decision on summary judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶32}** To succeed in a motion for summary judgment in a foreclosure action, a plaintiff bank must present evidence showing: (1) it is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if it is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17.

## 1. Standing

**{¶33}** Under the second assignment of error, Bradac argues that Residential Funding Corporation has not demonstrated it has standing in this foreclosure matter.

**{¶34}** Pursuant to the case law, a foreclosing bank has standing and is entitled to enforce the note if it establishes that it is the holder of the note or has been assigned the mortgage. *See*, *e.g. CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392 (8th Dist.); *Bank of New York Mellon v. Veccia*, 11th Dist. Trumbull No. 2013-T-0101, 2014-Ohio-2711.

**{¶35}** Because standing is required to invoke the jurisdiction of the common pleas court, standing is determined at the commencement of the foreclosure suit. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d

1214. In other words, it is the standing of the original plaintiff bank, not the substituted party, that must be established at the time of the commencement of the action. *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289. It is undisputed that GMAC Bank, the entity that filed the instant foreclosure case, held the note at the commencement of the case and had been assigned the mortgage prior to commencement of the case. As such, the court's jurisdiction in this foreclosure matter was properly invoked.

{¶36} Appellee Residential Funding Corporation still must show it is the current holder of the note and the mortgage to be granted foreclosure. *Cent. Mtge. Co. v. Webster*, 2012-Ohio-4478, 978 N.E.2d 963, ¶ 27 (5th Dist.) (the current holder of the note and mortgage is the real party in interest in foreclosure actions).

{¶37} Residential Funding Corporation submitted an affidavit from Katherine Ortwerth to support its motion for summary judgment. Ortwerth, an employee of Ocwen Loan Servicing L.L.C., the loan servicer of the note, averred that Residential Funding Corporation has had physical possession of the note since the note was endorsed in blank in December 2009. Ortwerth's affidavit was based on her personal knowledge. Bradac had no evidence to refute Ortwerth's affidavit.

{¶38} As one in possession of the blank-endorsed note, Residential Funding Corporation is the holder of the note. *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 24.

**{¶39}** Residential Funding Corporation is also the holder of the mortgage. As this court explained in *Najar*, under Ohio law, the mortgage "follows the note" it secures. The note constitutes the evidence of the debt, and the mortgage is a mere incident to the obligation; as such, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Id.* at ¶ 65, citing *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.). The physical transfer of the note endorsed in blank constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is validly assigned or delivered. *Id.*

**2. Default**

**{¶40}** While Ortwerth's affidavit established Bradac was in default on the note and that Bradac owed a balance of $257,110.05 plus interest since April 25, 2007, Bradac attempted to create a genuine issue of material fact regarding her default. She attached exhibit No. 19 to her affidavit to show that GMAC Mortgage, through an employee, Kristen Malesky, had advised her that the bank would extend her loan until the Kohl litigation was resolved and would not place her in default.

**{¶41}** Exhibit No. 19 appeared to be an email communication from GMAC Mortgage's construction lending representative Kristen Malesky to Bradac. The body of the email stated, "Hi Emily, we will extend your loan retroactive to your current maturity date when your litigation is settled. The fees will also be collected at that time."

**{¶42}** Bradac did not make any representation in her affidavit that exhibit No. 19 was a true and accurate copy of the original communication. Indeed, our examination of the record reveals a lack of authenticity regarding the exhibit. Exhibit No. 19 shows that the email was sent "05/04/2007 12:20 PM." The record, however, contains another copy of the same email submitted by Bradac as an exhibit in another filing in this case, yet that exhibit shows the same email was sent "10/26/2007 03:47 PM," calling into doubt the authenticity of the document. Therefore, the trial court did not abuse its discretion in striking exhibit No. 19 and excluding it from consideration when ruling on appellee's motion for summary judgment.

**{¶43}** In this foreclose case, the terms of the loan and the construction loan agreement are undisputed. The construction loan agreement defined "default" as including "(1) the nonperformance of any covenant in the agreement, (2) failure to complete construction by the projected completion date, or (3) the filing of any line which continues for more than 10 days without proper resolution."

**{¶44}** Contrary to Bradac's allegations, the evidence submitted by appellee in this case shows Bradac defaulted on the loan in several ways. She failed to complete the construction by the due date of April 25, 2007, after several extensions. The recording of a mechanics' lien in November 2005 against the property also constituted default under the loan. She failed to pay the full amount due by April 25, 2007.

**3. Notice of default**

**{¶45}** In order to prevail on its motion for summary judgment, appellee must show that all conditions precedent were satisfied. *Najar* at ¶ 17. Where a mortgage loan requires prior notice of default or acceleration, the provision of notice is a condition precedent. *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 8. Bradac argues she never received notice of default because it was sent to the property and she did not reside there.

**{¶46}** Paragraph 15 of the mortgage states, in pertinent part:

> Any notice to Borrow in connection with this Security Instrument shall be deemed to have been given to Borrow when mailed by first class mail or when actually delivered to Borrow's notice address if sent by other means. * * * *The notice address shall be the Property Address* unless Borrower has designated a substitute notice by notice to Lender."

(Emphasis added.)

**{¶47}** Here, to show it met the condition precedent regarding the notice of default, appellee submitted exhibit Q attached to Katherine Ortwerth's affidavit, which averred that the exhibit was a true and accurate copy of the notice of default sent to Bradac on February 27, 2009. The notice showed it was sent "via certified mail with return receipt requested" and also by "regular mail."

**{¶48}** Bradac did not allege she had designated a substitute notice address. Under the terms of the mortgage, the notice was properly sent to the property address by first class mail. *Bank of N.Y. Mellon v. Roarty*, 7th Dist. Mahoning No. 10-MA-42, 2012-Ohio-1471, ¶ 29 (first class mail is also referred to as "regular mail" or "ordinary mail"). This court has stated that when the foreclosing bank produces evidence that a

notice was "sent" and the mortgage does not require the bank to show receipt of notice, as here, the borrower's affidavit stating he or she did not receive the notice does not create a genuine issue for trial. *U.S. Bank Natl. Assn. v. Stallman*, 8th Dist. Cuyahoga No. 102732, 2016-Ohio-22, ¶ 22, citing *N.Y. Life Ins. & Annuity v. Vengal*, 2014-Ohio-4798, 23 N.E.3d 180, ¶ 16-17 (8th Dist.).

**{¶49}** Consequently, the trial court did not err in finding all conditions precedent were met and granting summary judgment in favor of appellee Residential Funding Corporation. We note that although the trial court proceeded in the foreclosure case first, the construction dispute is at the heart of this foreclosure matter, because Bradac alleged Kohl's negligent construction of the home caused the delay in the construction and the placement of the mechanics' lien on the property. The construction company, however, was not a party to the note or construction loan agreement. If the construction company's conduct indeed caused Bradac to be in default of the note, Bradac's remedy is against the construction company.

**{¶50}** This case presents an occasion where two cases are factually intertwined and the resolution of one case impacts the other. Logically, if the construction litigation had proceeded first and Bradac obtained a judgment against Kohl, she likely would have had funds to pay the bank. The foreclosure case might never have been filed because it would be moot. Eleven years since Bradac filed the construction case, however, she now has a judgment in the foreclosure against her and is without her home. If she ultimately prevails in her case against Kohl, Kohl may have to pay more damages as a

result of the foreclosure. This is an occasion where a global approach to manage two or more factually interrelated cases would have been more efficient and would have offered the best solution for everyone. Unfortunately, such a global approach was not taken here.

**Third Assignment of Error: Claims against GMAC Mortgage**

{¶51} Under the third assignment of error, Bradac argues the trial court erred in granting summary judgment on her breach of contract claim against third-party defendant GMAC Mortgage, the original lender.

{¶52} Bradac raised a breach-of-contract claim against third-party GMAC Mortgage alleging it did not comply with the requirements for releasing draws to the construction company. She claimed the construction company was paid even though the work was not fully completed.

{¶53} During the pendency of the foreclosure, GMAC Mortgage filed for bankruptcy. Despite notice, Bradac did not file a proof of claim against GMAC Mortgage before its bankruptcy plan was confirmed by the bankruptcy court. The trial court granted GMAC Mortgage's motion for summary judgment on that ground, holding that the confirmation of bankruptcy resulted in the discharge of Bradac's claim.

{¶54} On appeal, Bradac claims she did not have notice of the bankruptcy filing prior to the confirmation of the bankruptcy plan. She alleges that she only had notice of the bankruptcy when the matter was stayed by the trial court, three months *after* the confirmation of the bankruptcy. Bradac's claim is belied by the record.

**{¶55}** The record reflects that on June 1, 2012, GMAC Mortgage filed a notice of bankruptcy in the trial court, which properly included the proof of service mandated by Civ.R. 5(B)(4). The proof of notice shows that the notice of bankruptcy was served on Bradac's counsel. Furthermore, the record reflects a status conference held on September 13, 2012, specifically to address GMAC's bankruptcy status. Thus, Bradac had knowledge of GMAC's bankruptcy at least three months before the bankruptcy plan was confirmed on December 11, 2013. *In re Price*, 871 F.2d 97, 99 (9th Cir.1989) (the creditor's counsel having actual knowledge of the bankruptcy constituted reasonable notice to the creditor). Despite the notice, Bradac failed to protect her interest by filing a proof of her claim in the bankruptcy court before the confirmation of GMAC Mortgage's bankruptcy plan. The confirmation therefore bars her claims, as the trial court found. *See Thompson v. Mabon*, 8th Dist. Cuyahoga No. 69126, 1997 Ohio App. LEXIS 271 (Jan. 30, 1997) (the confirmation of a bankruptcy results in the discharge of any debt that arose before the date of confirmation).

**{¶56}** Bradac's allegation that she did not know about the bankruptcy until February 12, 2013, when the foreclosure matter was stayed due to the bankruptcy, three months after the bankruptcy plan was confirmed by the bankruptcy court, is not supported by the record. The trial court properly granted GMAC Mortgage's motion for summary judgment. The third assignment is without merit.

**{¶57}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR