[Cite as *Bank of America v. Jones*, 2014-Ohio-4985.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., fka, COUNTRYWIDE HOME LOANS SERVICING, L.P., | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2014-G-3197** |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| JACK M. JONES, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |


Civil Appeal from the Geauga County Court of Common Pleas, Case No. 11 F 001287.

Judgment: Affirmed.


*Candice L. Musiek* and *Barbara F. Yaksic,* McGlinchey Stafford, PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, OH 44122 (For Plaintiff-Appellee).

*David N. Patterson,* 33579 Euclid Avenue, Willoughby, OH 44094 (For Defendants-Appellants).


DIANE V. GRENDELL, J.

{¶1} Defendants-appellants, Jack M. and Dina F. Jones, appeal the decree of foreclosure entered in favor of plaintiff-appellee, Bank of America, N.A. The issues before this court are whether the assignment of mortgage with the note is valid and whether a mortgagee may demonstrate its entitlement to foreclose a mortgage based

on the affidavit of its employee. For the following reasons, we affirm the decision of the court below.

{¶2} On December 8, 2011, Bank of America filed a Complaint for foreclosure against the Joneses and Zaremba Management Co. in the Geauga County Court of Common Pleas. Bank of America alleged that it was "in possession of and the holder of a certain promissory note," which was in default with an unpaid balance of $321,500.92, plus interest and late charges. Bank of America further alleged that it was "the holder of a certain mortgage deed, securing payment of said promissory note," the conditions of which had been broken by reason of default on the note. Bank of America sought the foreclosure of the Joneses' equity of redemption in the property located at 12360 Falcon Ridge Road, Chesterland, and judgment in the amount of $321,500.92, plus interest and late charges.

{¶3} On February 14, 2012, the Joneses filed an Answer, Counterclaim, and Third Party Complaint, against third-party defendants, Mortgage Electronic Registration Systems, Inc. ("MERS"), American Midwest Mortgage Corporation, and BAC Home Loans Servicing, LP. The Joneses sought "a declaration that the title to and interest in the subject Property, as applicable, is vested in Defendants Jones alone and that Plaintiff and each applicable Third Party Defendant be declared to have no estate, right, title, security interest, lien or other interest in the subject Property and that Plaintiff and each such Third Party Defendant, be forever enjoined from asserting any estate, right, title, security interest, lien or other interest in the subject Property adverse to Defendants Jones herein."

**{¶4}** On March 20, 2012, Bank of America, MERS, and BAC Home Loans Servicing filed a Notice of Merger and Name Change, advising the court "that effective July 1, 2011, BAC Home Loans Servicing, L.P. was merged into Bank of America, N.A."

**{¶5}** On April 16, 2012, Bank of America filed its Reply to Counterclaim and MERS filed its Answer to Third Party Complaint.

**{¶6}** On April 30, 2012, American Midwest Mortgage Corporation filed its Answer and disclaimed any interest in the subject property.

**{¶7}** On October 3, 2012, Bank of America and MERS filed a Joint Motion for Summary Judgment. The affidavit of Alejandra Silva, Vice-President and Senior Operations Manager for Bank of America, was attached in support. Silva testified, in relevant part, as follows:

> 2. BANA, as successor by merger to BAC Home Loans Servicing L.P. *fka* Countrywide Home Loans Servicing L.P. ("BANA") has been in physical possession of the original Promissory Note, signed by Defendants Jack and Dina Jones (the "Defendants"), on September 28, 2006, in the principal amount of $333,000.00 (the "Note"), since before December 8, 2011, when this litigation commenced.
>
> 3. My duties include having access to and reviewing BANA's business records, reports and data compilation of acts and events made at or near the time by, or from information transmitted by, a person with knowledge, and kept in the ordinary course of BANA's regularly conducted business activity, including those records that relate to the Loan made to Defendants by American Midwest

3

Mortgage Corporation ("American"), which consists of the Note and Mortgage (the "Loan").

* * *

9.      Based upon a review of the relevant business records that are kept and maintained in the ordinary course of business, true and accurate copies of which are attached as Exhibits, the unpaid principal balance on the Note of $321,500.92 is due and owing, plus interest, plus any amounts advanced for real estate taxes, hazard insurance premiums and property protection, and interest on such advances, plus late charges.

{¶8} On October 4, 2012, the Joneses filed their Brief in Opposition to Summary Judgment.

{¶9} On February 14, 2013, Bank of America filed a Motion for Default Judgment against Zaremba Management Co.

{¶10} On March 5, 2013, the trial court granted Bank of America's Motion for Default Judgment against Zaremba Management and "declare[d] that its interest in the subject real property * * * is hereby terminated."

{¶11} On the same date, the trial court issued a Judgment Entry and Decree in Foreclosure, granting the Joint Motion for Summary Judgment. The court found that the Joneses owe Bank of America the sum of $321,500.92 plus interest and late charges on the promissory note. The court also ordered the foreclosure and sale of the subject premises.

{¶12} On March 31, 2013, the Joneses filed their Notice of Appeal. On appeal, they raise the following assignment of error:

4

{¶13} "[1.] Reviewing the Appellees' Motion for Summary Judgment *de novo*, the Record is clear and convincing that the trial court erred to the prejudice of Appellants by granting Appellees' Motion for Summary Judgment in favor of Appellee on the foreclosure Complaint."

{¶14} Pursuant to Civil Rule 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶15} "[T]he determination of whether the trial court properly granted summary judgment below involves only questions of law and is considered on a *de novo* basis." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶16} The Joneses' first argument is that Bank of America "failed to show that it is in fact the legal and proper 'holder' of the Note and Mortgage as well as the real party in interest or that it has standing in the instant matter." Appellants' brief at 7. The Joneses rely on the Ohio Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v.*

5

*Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, which held that "[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint." *Id.* at ¶ 40.

**{¶17}** A party entitled to enforce a promissory note secured by a mortgage has standing to bring a foreclosure action. *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303, ¶ 12; *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 24; *but see SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 15-16 (cases cited).[1]

**{¶18}** In the present case, Bank of America presented uncontradicted evidence of an interest in both the note and the mortgage at the time the Complaint was filed on December 8, 2011.

**{¶19}** With respect to the note, Silva's affidavit attested that Bank of America had physical possession of the note when litigation commenced "as successor by merger to BAC Home Loans Servicing, L.P. *fka* Countrywide Home Loans Servicing, L.P." The copy of the note attached to the affidavit carries the following undated indorsements: from the original lender, American Midwest Mortgage Corp., to Countrywide Bank, N.A.; from Countrywide Bank, N.A. to Countrywide Home Loans, Inc.; and a blank indorsement "without recourse" from Countrywide Home Loans, Inc.

**{¶20}** As the possessor of a negotiable instrument payable to bearer by virtue of being indorsed in blank, Bank of America was a holder of the note, entitled to enforce it, and, so, had standing to bring suit. R.C. 1303.31(A)(1) ("[t]he holder of the instrument"

---

1. We note a conflict of authority as to whether standing to sue requires the plaintiff to have an interest in either the note *or* the mortgage or both the note *and* the mortgage. The issue has been certified to the Ohio Supreme Court for resolution. *SRMOF 2009-1 Trust v. Lewis*, 138 Ohio St.3d 1492, 2014-Ohio-2021, 8 N.E.3d 962. Resolution of this issue is not material to the disposition of the present appeal.

is a "'[p]erson entitled to enforce' an instrument"); R.C. 1301.201(B)(21)(a) ("'holder' means * * * [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"); R.C. 1303.25(B) ("[w]hen an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed").

{¶21} With respect to the mortgage, the copy attached to Silva's affidavit contained the following assignments: from American Midwest Mortgage Corporation to MERS on September 28, 2006, duly recorded in Geauga County on September 29, 2006; and from MERS to "BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP" on May 3, 2010, duly recorded in Geauga County on May 10, 2010. As noted above, Bank of America is a successor-in-interest to BAC Home Loans Servicing by merger.

{¶22} It is well-established that a mortgage-assignee has standing to initiate a foreclosure action. *Bank of Am. v. Lynch*, 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586, ¶ 32; *Deutsche Bank Natl. Trust Co. v. Santisi*, 11th Dist. Trumbull No. 2013-T-0048, 2013-Ohio-5848, ¶ 27; *HSBC Bank USA, Natl. Assocs. v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 15.

{¶23} The Joneses maintain, however, that, in this case, "the note was severed from the mortgage at origination, which had the effect of rendering the mortgage unenforceable because MERS was involved and subsequently assigned its alleged interest." The Joneses rely on the United States Supreme Court's decision in *Carpenter v. Longan*, 83 U.S. 271, 274, 21 L.Ed. 313 (1873), for the proposition that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident," so that "[a]n assignment of the note carries the mortgage with it, while an assignment of the

7

latter alone is a nullity." *Id.* at 274. Since the assignment of the mortgage to MERS did not include the note, the Joneses contend the assignment was invalid.

{¶24} The Joneses' reliance on *Carpenter* is misplaced. As an initial matter, the United States Supreme Court was not interpreting or applying Ohio law in *Carpenter*. Thus, it is not controlling. Secondly, the Joneses improperly construe the use of the word "nullity" with respect to the assignment of a mortgage without the note as meaning the assignment itself was invalid or void.

{¶25} The practical effect of assigning the mortgage without the note is to render the mortgage unenforceable, rather than the assignment invalid. "While it is possible to assign a mortgage and retain possession of the note, '[t]he practical effect of such a transaction is to make it impossible to foreclose the mortgage, unless the transferee is also made an agent or trustee of the transferor * * *.'" *BAC Home Loans Servicing v. McFerren*, 2013-Ohio-3228, 6 N.E.2d 51, ¶ 12 (9th Dist.), citing Restatement of the Law 3d, Property, Mortgages, Section 5.4(c), at 384 (1996); *compare Landmark Natl. Bank v. Kesler*, 216 P.3d 158, 166-167 (Kan.2009) ("in the event that a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable"). Thus, the failure to indorse or otherwise transfer the note to MERS with the mortgage did not prevent MERS from receiving the assignment and subsequently reassigning the mortgage to BAC Home Loans Servicing/Bank of America, the ultimate holder of the note.

{¶26} Assuming, arguendo, that the assignment of the mortgage to MERS was devoid of any legal effect, Bank of America nevertheless had standing to foreclose by virtue of being holder of the note. If the assignment of the mortgage to MERS was

8

invalid, then the mortgage remained with the original lender, American Midwest Mortgage Corporation, which indorsed the note to Countrywide Bank and ultimately to Bank of America. In this respect, the *Carpenter* decision is in agreement with Ohio law that "the note carries the mortgage with it." "Under Ohio common law, where a promissory note is secured by a mortgage, the note is evidence of the debt and the mortgage is a mere incident of the debt." *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 32. Thus, "the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.); *Edgar v. Haines*, 109 Ohio St. 159, 164, 141 N.E. 837 (1923) ("a mortgage is not property separate and distinct from the note which it secures, but * * * the mortgage security is an incident of the debt which it is given to secure, and, in the absence of a specific agreement to the contrary, passes to the assignee or transferee of such debt"). "The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65; R.C. 1309.203(G) ("[t]he attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien").

{¶27} In sum, Bank of America's standing to foreclose was established by the negotiation of the note and the assignment of the mortgage, or, alternatively, by the negotiation of the note and the equitable assignment of the mortgage.

{¶28} The Joneses further contend Bank of America is prevented from foreclosing the mortgage because it never made a presentment of the note, as set forth in R.C. 1303.61.

{¶29} Under the terms of the note, the Joneses "waive[d] the rights of presentment and notice of dishonor," meaning "the right to require the Note Holder to demand payment of amounts due." Bank of America was under no obligation to make a presentment of the note prior to foreclosing the mortgage. *Bank of Am., NA v. Barber*, 11th Dist. Lake No. 2013-L-014, 2013-Ohio-4103, ¶ 23.

{¶30} The Joneses further claim that, according to Bank of America's documentation, "the Note and Mortgage * * * was [sic] sold to a trust, known as the CWABS Asset-Backed Certificates Trust 2007-1." Thus securitized, "the purported loan * * * forever lost its security component, if anything." Appellants' brief at 3, 12.

{¶31} Nothing in the evidentiary record before this court indicates that the note or the mortgage was sold to a trust or otherwise securitized. The Joneses' claim is summarily rejected.

{¶32} Finally, the Joneses argue that Silva's statement that her affidavit was based on "personal knowledge" was insufficient to authenticate the loan documents under Civil Rule 56(E) or qualify them as business records under Evidence Rule 803(6).

{¶33} Civil Rule 56(E) mandates that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit," and that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." The Ohio Supreme Court has stated that "[t]he specific allegation in [an] affidavit that it was made upon

10

personal knowledge is sufficient to meet this requirement of Civ.R. 56(E) and, if the adverse party contends otherwise, an opposing affidavit setting forth the appropriate facts must be submitted." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981). Moreover, "[t]he requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *Id.*

{¶34} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." This court has held that to qualify documents as business records, the witness must be "sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business." (Citation omitted.) *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶ 25.

{¶35} In the present case, Silva's affidavit stated that, in addition to being based on personal knowledge, her duties as "Vice-President, Sr. Operations Manager" included "having access to and reviewing [Bank of America's] business records, reports and data compilation * * * kept in the ordinary course of [its] regularly conducted business activity." She further stated that she "personally reviewed" the Joneses' loan and related documents, "true and correct copies of which are attached hereto."

{¶36} Under this court's precedents, Silva's affidavit was sufficient to authenticate the documents attached thereto and qualify them as business records. *Id.*

11

at ¶ 27; *CitiMortgage, Inc. v. Hijjawi*, 11th Dist. Lake No. 2013-L-105, 2014-Ohio-2886, ¶ 14; *Bank of New York Mellon v. Veccia*, 11th Dist. Trumbull No. 2013-T-0101, 2014-Ohio-2711, ¶ 24.

**{¶37}** Contrary to the Ohio Supreme Court's comments in *Seminatore*, the Joneses' opposition to summary judgment did not include an affidavit, or any evidence sanctioned by Civil Rule 56(E), contradicting the statements made in Silva's affidavit. The cases relied upon by the Joneses are factually distinguishable and have no bearing on the facts of the present case. *LaSalle Bank, N.A. v. Fulk*, 5th Dist. Stark No. 2010-CA-00294, 2011-Ohio-3319, ¶ 31 (mortgage assignment was not authenticated by affidavit); *TPI Asset Mgt., LLC v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, ¶ 24-25 (2nd Dist.) (affiant only demonstrated "hearsay knowledge" of the business records and made "no specific reference to those documents").

**{¶38}** The sole assignment of error is without merit.

**{¶39}** For the foregoing reasons, the decree of foreclosure/summary judgment entered in favor of Bank of America is affirmed. Costs to be taxed against appellants.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.