[Cite as *CitiMortgage, Inc. v. Elrod*, 2017-Ohio-8442.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0022** |
| DOUGLAS E. ELROD, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00154.

Judgment: Affirmed.

*Harry W. Cappel* and *Stacy A. Cole*, Graydon Head & Ritchey LLP, 2400 Chamber Center Drive, Suite 300, Fort Mitchell, KY 41017 (For Plaintiff-Appellee).

*David N. Patterson*, 30432 Euclid Avenue, #101, Wickliffe, OH 44092 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Douglas E. Elrod, appeals the decision of the Portage County Court of Common Pleas, entering judgment in favor of plaintiff-appellee, CitiMortgage, Inc., for the foreclosure and sale of certain property mortgaged to secure the indebtedness under a promissory note. The issues before this court are whether a lender has standing to foreclose where it is the holder of the note but there is no direct evidence of the mortgage's assignment and whether evidence of notice sent to the

borrower and the borrower's payment history are sufficient to establish the lender's right to foreclose. For the following reasons, we affirm the decision of the court below.

{¶2} On February 21, 2014, CitiMortgage, Inc. filed a Complaint for Foreclosure and Declaratory Judgment in the Portage County Court of Common Pleas against Douglas E. Elrod, Kimberly A. Elrod[1], Vincorp, Inc., Mortgage Electronic Registration Systems, Inc., and the Portage County Treasurer. CitiMortgage asserted that it was "the holder of a certain promissory note and note loan modification agreement" and "the holder of a certain mortgage deed, securing the payment of said promissory note and modification agreement." It further asserted that, "by reason of default in payment of the said note, modification agreement and mortgage securing [the] same, * * * there is due and unpaid thereon the sum of $111,397.47 plus interest."

{¶3} CitiMortgage asserted that "it has been unable to obtain an assignment of the mortgage from Integrity Mortgage Corporation," although "Integrity Mortgage Corporation intended to assign its interest in the note and mortgage to [CitiMortgage]."

{¶4} CitiMortgage sought, in relevant part, judgment in the amount of $111,397.47 plus interest; "a declaration by the Court that [it] is the current holder of the note and mortgage at issue herein"; and that "the Defendants named herein be required to answer and set up any claim that they may have in said premises or be forever barred."

{¶5} On September 22, 2014, Elrod filed an Answer and Counterclaims, alleging the Violation of Federal and State Protections and Laws, Negligence/Breach of

---

1. Kimberly Elrod, Douglas' wife at the time the note and the mortgage were executed, did not answer the Complaint and is not a party to this appeal.

Fiduciary Duties, Fraud/Misrepresentation, Breach of Contract, Unjust Enrichment, and Quiet Title.

{¶6} On March 12, 2015, CitiMortgage filed its Reply to the Counterclaims.

{¶7} On November 12, 2015, a bench trial was held before a magistrate.

{¶8} On November 25, 2015, a Magistrate Decision was issued and, in a separate Judgment Entry, adopted by the trial court. The magistrate made the following relevant findings:

> [T]here is due the Plaintiff on the promissory note and loan modification agreement set forth in the Complaint, the sum of $111,397.47, plus interest at 7.25% per annum from June 1, 2013, and * * * there is due the Plaintiff, $67.50 for advances made for taxes, insurance and otherwise to protect the property, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendant, Douglas E. Elrod. * * *
>
> Defendant, Douglas E. Elrod, filed a petition commencing a case under Title 11 of the United States Code, for relief under Chapter 7 of the Bankruptcy Code, in the United States Court, Northern District of Ohio, Eastern Division, and being Case No. 11-53252, and that he was subsequently discharged and release[d] from the indebtedness due and owing to the Plaintiff on its promissory note as set forth in the Complaint.[2]
>
> [I]n order to secure the payment of the promissory note aforesaid, the Defendants, Douglas E. Elrod and Kimberly A. Elrod, husband and wife, executed and delivered to Integrity Mortgage Corporation their certain mortgage deed, thereby conveying to it the * * * premises * * * known as 524 North Freedom Street, Ravenna, Ohio. * * *
>
> [S]aid mortgage was duly filed * * * and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; * * * said conditions in the mortgage deed have been broken, and the same has become absolute and

---

2. Note the holding of *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, paragraph two of the syllabus: "When debt on a promissory note secured by a mortgage has been discharged by a bankruptcy court, the holder of the note may not pursue collection against the maker of the note; however, the holder of the mortgage has standing to foreclose on the property and to collect the deficiency on the note from the foreclosure sale of the property."

the Plaintiff is entitled to have the equity of redemption and dower of the Defendants * * * in and to the said premises foreclosed.

Defendants, Kimberly Elrod and Douglas Elrod, modified their first loan agreement on July 18, 2005. Said loan modification was done with CitiFinancial Mortgage Company, Inc.

Defendants Elrod attempted to modify the loan again with Plaintiff in 2009 and had previously received notification of the change of the mortgage servicer and payment address to Plaintiff.

Defendants Elrod were contacted by Plaintiff for a possible modification/resolution of this matter, but * * * Defendant, Douglas Elrod, refused to communicate with Plaintiff due to Plaintiff's Fair Debt Collection Practices Act warning.

Defendants Elrod continued to make their loan payments to Plaintiff from the change in servicing in June 2008 until June 2013 at which time Defendants Elrod failed to make any further payments.

It is therefore ordered that Plaintiff is the current holder of the note and mortgage at issue herein.

{¶9} On December 7, 2015, Elrod filed an Objection to Magistrate's Decision, to which CitiMortgage replied on December 17, 2015.

{¶10} On January 7, 2016, Elrod filed a Supplemental Objection, to which CitiMortgage replied on April 24, 2017.

{¶11} On April 25, 2017, the trial court issued a Judgment Entry Adopting Magistrate's Decision and Overruling the Defendant's Objections. In addition to overruling Elrod's objections, the court entered a default judgment against non-answering defendants. The court further found that CitiMortgage "has been unable to obtain an assignment of the mortgage from Integrity Mortgage Corporation * * *; however, Integrity Mortgage Corporation intended to assign its interest in the note and mortgage to plaintiff."

4

**{¶12}** On May 19, 2017, Elrod filed a Notice of Appeal. On appeal, Elrod raises the following assignment of error:

**{¶13}** "[1.] The Record is clear and convincing that the trial court erred to the prejudice of Appellant by entering judgment and decree of foreclosure in favor of appellee on the foreclosure complaint."

**{¶14}** "In the ordinary civil case the degree of proof, or the quality of persuasion, as some text-writers characterize it, is a mere preponderance of the evidence." *Merrick v. Ditzler*, 91 Ohio St. 256, 260, 110 N.E. 493 (1915); *Cincinnati, Hamilton & Dayton Ry. Co. v. Frye*, 80 Ohio St. 289, 88 N.E. 642 (1909), syllabus. Under this standard, "the trier of fact deals only with probabilities and * * * need not conclusively believe a fact exists so long as the probabilities, when weighed, preponderate in favor of such." *W. Res. Mut. Cas. Co. v. Eberhart*, 81 Ohio App.3d 93, 97, 610 N.E.2d 481 (9th Dist.1991).

**{¶15}** "When reviewing a civil appeal from a bench trial, an appellate court utilizes a manifest-weight standard of review." (Citation omitted.) *Xtreme Elements, L.L.C. v. Foti Contracting, L.L.C.*, 11th Dist. Lake No. 2016-L-043, 2017-Ohio-254, ¶ 25. "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.'" (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Although a reviewing court may disagree with the factfinder's resolution of conflicting testimony, it "must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21. Reversal is limited to those cases where "the [finder of fact] clearly lost its way and

5

created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Citation omitted.) *Id.* at ¶ 20.

{¶16} Elrod raises several arguments under his sole assignment of error.

{¶17} Elrod first maintains that CitiMortgage "failed to prove that any rights or interest of the alleged original lender, non-party Integrity Mortgage Corporation, were actually and eventually transferred to [it] via the alleged assignment and/or endorsement stamp." Appellant's brief at 6 and 8.

{¶18} At trial, Cindy Schneider testified as a business operations analyst employed by CitiMortgage. Her duties involve "work[ing] with Citi's outside counsel and [its] in-house legal department to research the documents and the business records to resolve the matter."

{¶19} Schneider identified the original note, executed by the Elrods and Integrity Mortgage Corporation on December 12, 2003. The note contains two endorsements. The first was to the order of CitiFinancial Mortgage Company and the second to CitiMortgage, without recourse, successor in interest by merger to CitiFinancial Mortgage Company. Schneider affirmed that CitiMortgage was in possession of the original note prior to the filing of the Complaint on February 21, 2014, by virtue of the merger between CitiMortgage and CitiFinancial in June 2006. Schneider produced a letter to the Elrods, dated June 11, 2008, advising them that, effective July 1, 2008, the servicing of the mortgage account would be transferred to CitiMortgage. Thereafter, the Elrods' mortgage payments were received by CitiMortgage.[3]

---

3. These actions satisfy Section 20 of the mortgage, which provides that "[t]he Note * * * can be sold one or more times without prior notice to Borrower," but, "[i]f there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer * * *."

**{¶20}** Schneider identified the original mortgage and a certified copy of the recorded mortgage, given by the Elrods to Integrity Mortgage Corporation on December 12, 2003, as security for the note.

**{¶21}** Schneider identified the original loan modification agreement entered into by Douglas Elrod ("Borrower") and CitiFinancial Mortgage Company ("Lender"), on August 1, 2005. The agreement amended and supplemented the promissory note dated December 12, 2003 ("Note"). The agreement contained the following:

> Borrower acknowledges that Lender is the holder and the owner of the Note and understands that Lender may transfer the Note, as amended by this Agreement, and that anyone who takes the Note by transfer and who is entitled to receive payments under the Note is called the "Lender" in this Agreement.

**{¶22}** Contrary to Elrod's assertion, the evidence demonstrates that CitiMortgage is a "person entitled to enforce" the note by virtue of being "[t]he holder of the instrument." R.C. 1303.31(A)(1); R.C. 1301.201(B)(21)(a) ("'[h]older' means * * * [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession").

**{¶23}** Although there is no direct evidence of the assignment of the mortgage, it is well-settled Ohio law that "the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.); *accord GMAC Bank v. Bradac*, 8th Dist. Cuyahoga No. 105242, 2017-Ohio-7888, ¶ 39; *Bank of Am. v. Jones*, 11th Dist. Geauga No. 2014-G-3197, 2014-Ohio-4985, ¶ 26 ("[a]ssuming, arguendo, that the assignment of the mortgage to MERS was devoid of any legal effect, Bank of America nevertheless had standing to

7

foreclose by virtue of being holder of the note"). CitiMortgage was the holder of the note at the time the Complaint was filed; it follows that it had standing to enforce the mortgage.

{¶24} Elrod next asserts that CitiMortgage "failed [to] properly establish[] by competent, credible evidence that prior mandatory notice was provided." Appellant's brief at 8.

{¶25} The note provides that, if the Elrods default, "the Note Holder may send * * * a written notice telling [the borrowers] that if [they] do not pay the overdue amount by a certain date, the Note Holder may require [them] to pay immediately the full amount of the Principal that has not been paid and all the interest that [they] owe on that amount." "That date must be at least 30 days after the date on which the notice is mailed to me * * *." Such notice "will be given by delivering it or by mailing it by first class mail to [the borrowers] at the Property Address * * *."

{¶26} The mortgage similarly provides that, "following Borrower's breach of any covenant or agreement in this Security Instrument," notice shall be given the Borrower specifying: "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property."

{¶27} Schneider identified a letter, dated August 5, 2013, and sent by CitiMortgage to the Elrods by first class mail, advising them that they are in default and that failure to cure the default by September 9, 2013, "may result in the acceleration of

8

all sums due under the Security Instrument" and the "property may be sold in accordance with the terms of the Security Instrument and applicable law." The notice also provided the amount of the default and the actions necessary to effect its cure.

{¶28} CitiMortgage thus demonstrated its compliance with the notice provisions of the note and mortgage.

{¶29} Finally, Elrod asserts that CitiMortgage "failed to proffer the requisite substantive evidence in support of any real balance due, if any," inasmuch as Schneider "was not a true 'analyst,' but merely looked at and brought into Court the documents." Appellant's brief at 9.

{¶30} In fact, Schneider identified "a copy of the [Elrods'] payment history that was retrieved from CitiMortgage's business records," establishing that the last payment was received on June 4, 2013, and that the balance remaining on the principal was $111,397.47.

{¶31} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." This court has held that to qualify documents as business records, the witness must be "sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business." (Citation omitted.) *Jones*, 2014-Ohio-4985, ¶ 34; *Christiana Trust v. Barth*, 9th Dist. Lorain No. 16CA010959, 2017-Ohio-6924, ¶ 12-13.

9

{¶32} At trial, Schneider affirmed that she has personal knowledge of how CitiMortgage's loan records are created and maintained; it is the regular practice of CitiMortgage to receive, maintain, and rely upon these records in the ordinary course of its business; the records are created at or near the time of the activities or transactions reflected therein by persons with knowledge thereof; and her duties as an analyst include the accessing and reviewing of such records.

{¶33} The admissibility of business records pursuant to Evidence Rule 803(6) rests within the sound discretion of the trial court and determinations thereunder will not be reversed absent a clear abuse of discretion. *Peters v. Ohio State Lottery Comm.*, 63 Ohio St.3d 296, 299, 587 N.E.2d 290 (1992).

{¶34} Here, we find no abuse of discretion in the magistrate's decision to admit the payment history under the business records exception to the hearsay rules and that the document duly establishes the amount of default by a preponderance of the evidence.

{¶35} The sole assignment of error is without merit.

{¶36} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, ordering the foreclosure and sale of the subject property, is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

10