[Cite as *M&T Bank v. Bozickovich*, 2017-Ohio-9101.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| M&T BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-012** |
| NICHOLAS M. BOZICKOVICH, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CF 000212.

Judgment: Affirmed.

*Matthew J. Richardson*, Manley Deas Kochalski, L.L.C., 1400 Goodale Blvd., Suite 200, P.O. Box 165028, Columbus, OH 43216-5028 (For Plaintiff-Appellee).

*Glenn E. Forbes*, Forbes Law LLC, 166 Main Street, Painesville, OH 44077 (For Louise Galati and Nicholas M. Bozickovich, Defendants-Appellants).

THOMAS R. WRIGHT, J.

{¶1} Appellants, Nicholas M. Bozickovich and Louise Galati, appeal the trial court's order granting summary judgment in favor of appellee, M&T Bank, on its foreclosure claim against appellants and ordering the sale of appellants' residential property. They argue that appellee, M&T Bank, failed to establish standing to enforce the promissory note. We affirm.

{¶2} In January 2005, appellants purchased a home at 3020 Rockefeller Road,

Willoughby Hills, Ohio, borrowing money from Grange Bank. Bozickovich executed an adjustable-rate promissory note in the sum of $162,400. Both Bozickovich and Galati executed a mortgage on the property in favor of Grange Bank for the total amount owed.

{¶3} Grange Bank transferred the promissory note by way of a special endorsement executed by a vice president to First Federal Savings Bank, without recourse.

{¶4} In January 2010, First Federal entered into an agreement with appellee, under which appellee would "service" residential mortgage loans including this one. In addition to the general authority to administer and collect payments, the agreement also granted appellee authority to sue on the note and mortgage.

{¶5} Grange Bank assigned the associated mortgage to Franklin Bank S.S.B. in June 2007. Five years later, Franklin Bank assigned the mortgage to appellee, some two years after it began servicing the loan. The typed portion of the mortgage assignment to appellee references only Bozickovich as the mortgagor, but a handwritten amendment states that Galati is likewise a mortgagor, and that she and Bozickovich are husband and wife.

{¶6} During the first five years of the loan, appellants made all necessary payments. At some point after January 2010, though, they stopped paying their county property taxes. When appellee became aware of the delinquency, pursuant to the promissory note, it paid the outstanding property taxes and then charged appellants. When appellants made their mortgage payment for January 2012, appellee used the funds to offset part of the tax payment. Ultimately, appellants failed to pay both their

2

monthly mortgage payment and reimburse appellee for the tax payment.

{¶7} Appellee notified Bozickovich in a letter of the default and, thereafter, filed suit. The case was referred to mediation, without success. Thereafter, the trial court gave the parties four months to conduct discovery and set the matter for trial in November 2015. Immediately before that date, appellee submitted its motion for summary judgment on its entire foreclosure claim.

{¶8} Appellee asserted it had standing to sue, because First Federal transferred possession of the note, and the servicing agreement grants it authority to enforce the note. Appellee attached to its motion the affidavits of Lisa A. Wilson, a banking officer with appellee, and Patrick G. O'Brien, a senior executive vice president with Community Bank. In her affidavit, Wilson averred that appellee obtained possession of appellants' promissory note from First Federal in January 2010 when the servicing agreement took effect. Copies of the servicing agreement, the note, and the mortgage are attached to Wilson's affidavit. In his affidavit, O'Brien averred that Community Bank became the note's holder when it merged with First Federal in April 2014

{¶9} In responding to appellee's motion for summary judgment, appellants focused primarily upon the two affidavits and whether they are legally sufficient to demonstrate appellee's standing. First, they argued that neither affidavit could be considered because the respective averments are insufficient to show that the affiants have personal knowledge of the averments. Second, appellants asserted that Wilson's averments do not establish that appellee took possession of the promissory note from First Federal or Community Bank prior to filing the foreclosure action.

3

{¶10} The trial court concluded that appellee has standing as a nonholder with possession. The court also concluded that there was no dispute as to appellants' default. Accordingly, the court entered judgment in appellee's favor on the foreclosure claim and ordered the property be sold.

{¶11} Appellant raises four assignments of error for review:

{¶12} "[1.] The trial court committed prejudicial error in granting [appellee's] motion for summary judgment based on its finding that [appellee] was entitled to enforce the note at issue.

{¶13} "[2.] The trial court erred in admitting as evidence the affidavits of Wilson and O'Brien and finding that those affidavits establish [appellee's] right to judgment.

{¶14} "[3.] The court below erred to the prejudice of appellants when it determined that a letter addressed only to one borrower satisfied [appellee] predecessor's obligation under paragraph 22 of the mortgage, which constituted a condition precedent to foreclosure.

{¶15} "[4.] The trial court erred to the prejudice of [appellants] by relying upon an altered document in the chain of title."

{¶16} Since the determination of a motion for summary judgment involves questions of law, an appellate court reviews de novo without deference to the trial court. *Bank of America, N.A. v. Jones*, 11th Dist. Geauga No. 2014-G-3197, 2014-Ohio-4985, ¶15, quoting *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Bank of America, N.A. v. Curtin*, 11th Dist. Portage No. 2013-P-0082, 2014-Ohio-5379, ¶13, quoting *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶10.

{¶17} "Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268, 617 N.E.2d 1068 (1993)." *Nationstar Mtge. LLC v. Hayhurst*, 11th Dist. Trumbull No. 2014-T-0102, 2015-Ohio-2900, ¶16.

{¶18} Under this standard, the moving party has the initial burden of establishing the absence of any genuine issue of material fact on the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. *Portage Cty. Commrs. v. O'Neil*, 11th Dist. Portage No. 2013-P-0066, 2015-Ohio-808, ¶12.

{¶19} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must, among other things not at issue, present evidentiary-quality materials showing it is the holder of the note and mortgage, or is a party entitled to enforce it at the time the complaint was filed. *Id.* at ¶13, citing *Wachovia Bank of Delaware v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶40-45; *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶3.

{¶20} Under their first two assignments, appellants maintain the trial court erred in essentially concluding that appellee has standing. First, they argue that since the promissory note only contains a special endorsement from Grange Bank to First Federal Savings Bank, appellee was not a holder of the note. Second, they argue that

5

the Wilson and O'Brien affidavits are insufficient to show that appellee is a nonholder with possession.

{¶21} Appellee does not argue that it is a holder of appellants' note as the sole endorsement is a "special" one in which Grange Bank expressly conveys the note to First Federal Savings Bank. Appellee acknowledges that it is not a holder, but rather a nonholder in possession. As a result, it is only necessary to address the merits of appellants' second argument/assignment.

{¶22} "A party entitled to enforce a promissory note secured by a mortgage has standing to bring a foreclosure action." *Jones*, 2014-Ohio-4985, at ¶17. Under Ohio's Uniform Commercial Code, a person/entity is entitled to enforce a negotiable instrument if he/it is a "nonholder in possession of the instrument who has the rights of the holder." R.C. 1303.31(B). An instrument, such as a note, is "transferred" when it is delivered by a person other than its issuer for the purpose of giving the receiver the right to enforce. R.C. 1303.22(A). "If the transferee is not a holder because the transferor did not endorse, the transferee is nevertheless a person entitled to enforce the instrument if the transferor was a holder at the time of the transfer. R.C. 1303.22(B); R.C. 1303.22 cmt. 2." *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶20.

{¶23} As noted above, in asserting entitlement to enforce the promissory note, appellee relies primarily upon the Wilson and O'Brien affidavits. Appellants argue that neither affidavit contained sufficient averments to establish that the affiants had personal knowledge of their averments.

{¶24} To be properly considered in summary judgment, an affidavit "shall be

6

made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "Personal knowledge" is defined as "'knowledge of a factual truth which does not depend on outside information or hearsay.'" *O'Neil*, 2015-Ohio-808, at ¶16, quoting *Residential Funding Co., LLC v. Thorne*, 6th Dist. Lucas No. L-09-1324, 2010-Ohio-4271, ¶64.

**{¶25}** "The 'mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.' *Bank of Am., N.A. v. Merlo*, 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, ¶25. Further, it is well settled that 'personal knowledge may be inferred from the contents of an affidavit.' *Id*. at ¶26.

**{¶26}** "* * * [A]n officer of the lender could authenticate copies of the loan documents in her affidavit in support of summary judgment based on her review of the lender's loan documents. *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶40.

**{¶27}** "Moreover, an affiant providing the foundation for a recorded business activity is not required to have firsthand knowledge of the transaction at issue. *Merlo*, supra, at ¶27. However, it must be shown that the witness is sufficiently familiar with the operation of the business and the circumstances of the record's preparation and maintenance so that he can testify the record is what it purports to be and was made in the ordinary course of business. *Id*." *Hayhurst*, 2015-Ohio-2900, at ¶25-27.

**{¶28}** An affidavit satisfies the requirements of Civ.R. 56(E) when the affiant

7

avers that: (1) his knowledge was ascertained through his position with a bank; (2) he has reviewed the bank's business records; and (3) those records are kept as a regular part of the bank's business. *O'Neil*, 2015-Ohio-808, at ¶18.

**{¶29}** In her affidavit, Wilson states that she is an officer with appellee; that part of her duties include the maintenance and retrieval of business records for mortgage loans; that she reviews such records regularly for accuracy; that she has personal knowledge of the operation of and the circumstances surrounding the maintenance and retrieval of the records kept in appellee's record keeping system; and that the loan account records are compiled as part of appellee's regularly conducted business.

**{¶30}** The O'Brien affidavit contains similar averments. Thus, both affidavits were properly considered.

**{¶31}** As a separate challenge to Wilson's affidavit, appellants contend that, lacking a specific transfer date, her averments do not demonstrate that appellee had possession of their note before filing the underlying action. However, Wilson avers that appellee obtained possession of the note "on or about January 15, 2010," the same date that the service agreement between appellee and First Federal was executed. Given that the foreclosure case was not instituted until January 2014, Wilson's averment is sufficient to establish possession before the action was filed.

**{¶32}** Appellee demonstrated that it is a nonholder in possession who has the rights of the holder. The first and second assignments are without merit.

**{¶33}** Under their third assignment, appellants assert that appellee is not entitled to prevail because it failed to satisfy the mortgage notification requirement. They submit that appellee was required to send a notification letter to both of them rather than just

8

Nicholas Bozickovich as demonstrated by the attachment to Wilson's affidavit.

{¶34} As noted above, Galati did not sign the promissory note; only Bozickovich executed that document. Under common parlance, the term "borrower" is used to refer to persons who are liable on the note itself. However, on the first page of the mortgage, "borrower" is expressly defined to include both Galati and Bozickovich; i.e., their names are typed in as part of the definition. In light of this, appellants assert that Galati was also entitled to notice of default/acceleration.

{¶35} Paragraph 22 of the mortgage governs and provides that a notice of default must be sent to the "Borrower" thirty days prior to acceleration of the entire amount due. Paragraph 15 specifically states: "Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." Appellants have not cited any existing law requiring that a separate copy of the acceleration/default notice be sent to Galati or that it was not sent to Bozickovich and received. The third assignment also lacks merit.

{¶36} Under their final assignment, appellants maintain that appellee is not a holder of the mortgage due to a flaw in the assignment. In support, they note that the assignment from Franklin Bank to appellee has a written amendment stating that Galati, also a mortgagor, married to Bozickovich, was added after the assignment was executed.

{¶37} For a conveyance of an interest in real property to be valid, there must be delivery of the document, acceptance of the document, and a mutual intent to pass title. *JPMorgan Chase Bank, N.A. v. Romine*, 10th Franklin No. 13AP-58, 2013-Ohio-4212, ¶23. That the assignment was amended to remedy a previous omission does not

render the assignment void as argued.  Appellants' fourth assignment is not well taken.

{¶38}   The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.